Jenny L. Doling, Esq.  #207033
Summer M. Shaw, Esq. #283598
**DOLING SHAW & HANOVER, APC**
36-915 Cook Street, Suite 101
Palm Desert, California 92211
Office: (760)341-8837
Fax: (760)341-3022
jd@dshapc.com
ss@dshapc.com

Attorneys for Debtors
Sheldon Clark Chaffer
Margaret Diane Chaffer

FILED & ENTERED

MAY 15 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sandoval DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SHELDON CLARK CHAFFER<br>MARGARET DIANE CHAFFER<br><br>Debtors. | Case No.: 6:12-bk-23201-MH<br><br>Chapter 13<br><br>**ORDER GRANTING MOTION FOR ORDER TO CONTINUE CASE ADMINISTRATION OF DECEASED DEBTOR'S BANKRUPTCY ESTATE AND FOR WAIVER OF CERTIFICATION REQUIREMENTS UNDER 11 U.S.C. § 1328(a) AND (h) AND 11 U.S.C. § 522(q)**<br><br>Date: May 11, 2017<br>Time: 12:30 p.m.<br>Ctrm: 303<br>Judge: Hon. Mark D. Houle |

The hearing on Debtors' Motion for Order to Continue Case Administration of Deceased Debtor's Bankruptcy Estate and for Waiver of Certification Requirements Under 11 U.S.C. § 1328(a) and (h) and 11 U.S.C. § 522(q) filed on April 11, 2017 [Docket No. 96] (the "Motion") was held on May 11, 2017, at 12:30 p.m. in Courtroom 303 of the above-entitled Court, the Honorable Mark D. Houle presiding. Appearances were as noted on the record.

---

**ORDER GRANTING MOTION FOR ORDER TO CONTINUE CASE ADMINISTRATION OF DECEASED DEBTOR'S BANKRUPTCY ESTATE AND FOR WAIVER OF CERTIFICATION REQUIREMENTS UNDER 11 U.S.C. § 1328(A) AND (H) AND 11 U.S.C. § 522(Q)**

The Court having reviewed the Motion and having issued its Tentative Ruling, a true and correct copy of which is attached hereto as Exhibit "1" (Tentative Ruling), and having considered comments from counsel at the hearing, and good cause appearing therefor,

**IT IS SO ORDERED THAT** the Motion for Order to Continue Case Administration of Deceased Debtor's Bankruptcy Estate and for Waiver of Certification Requirements Under 11 U.S.C. § 1328(a) and (h) and 11 U.S.C. § 522(q) filed on April 11, 2017 is hereby granted to the extent of allowing a qualified individual to complete the § 1328 requirements on behalf of Debtor. The case administration may continue.

###

Date: May 15, 2017

Mark Houle
United States Bankruptcy Judge

---

**ORDER GRANTING MOTION FOR ORDER TO CONTINUE CASE ADMINISTRATION OF DECEASED DEBTOR'S BANKRUPTCY ESTATE AND FOR WAIVER OF CERTIFICATION REQUIREMENTS UNDER 11 U.S.C. § 1328(A) AND (H) AND 11 U.S.C. § 522(Q)**

EXHIBIT "1"

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Thursday, May 11, 2017                                                                           Hearing Room    303

12:30 PM
6:12-23201    Sheldon Clark Chaffer and Margaret Diane Chaffer                              Chapter 13

    #6.00    Motion for Order to Continue Case Administration of Deceased Debtor's
             Bankruptcy Estate and for Waiver of Certification Requirements

             EH__

                                    Docket    96

    Tentative Ruling:

    5/11/17


    BACKGROUND


    On May 30, 2012, Sheldon & Margaret Chaffer (collectively, "Debtors", and,
    individually, "Sheldon" and "Margaret") filed a Chapter 13 voluntary petition.
    Debtors' Chapter 13 plan was confirmed on August 21, 2012. The plan was modified
    once, on April 11, 2013.


    On April 11, 2017, Margaret filed a motion for order to continue case administration
    of deceasd debtor's bankruptcy estate and for waiver of certification requirements
    under 11 U.S.C. § 1328(a) and (h) and 11 U.S.C. § 522(q).


    DISCUSSION


        I.    Continue Case Administration

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Thursday, May 11, 2017                                                                     Hearing Room     303

12:30 PM
**CONT...**      **Sheldon Clark Chaffer and Margaret Diane Chaffer**                   **Chapter 13**

     Fed. R. Bankr. P. Rule 1016 deals with "death or incompetency of debtor" and states, in pertinent part:

     If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

     "Once the terms are defined and confirmed in a Chapter 13 plan, it might be possible to 'further administer' a bankruptcy case even though the debtor died if there is a source of payments or sufficient payments have been made such that a discharge may be warranted." *In re Waring*, 555 B.R. 754, 765 (Bankr. D. Colo. 2016) (collecting cases). Here, a Chapter 13 plan was confirmed prior to Sheldon's passing, and a source of payments remained – his joint-filer and wife, Margaret. Furthermore, Margaret did make those payments and appears to have maintained this plan to near completion.[1] Not only was further administration possible at the time of Sheldon's passing, further administration successfully occurred.

     Furthermore, the Court notes that "[i]n the ordinary course, non-consensual dismissal of a bankruptcy case requires a formal motion, notice, and hearing." *In re Erickson*, 183 B.R. 189, 195 (Bankr. D. Minn. 1995). When, as here, no party filed a motion requesting dismissal, there is no need for a motion to "continue case administration" as that is the default absent a request for dismissal.

     *II.*      Waiver of Discharge Requirements

     The material relief requested in the motion at issue is a request for certain discharge requirements, outlined in 11 U.S.C. § 1328, to be waived for Sheldon. One court, in considering the applicability of the § 1328 certification requirements to a deceased debtor, stated the following: "The fact that a debtor has died does not necessarily

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Thursday, May 11, 2017             Hearing Room    303

12:30 PM
CONT...     Sheldon Clark Chaffer and Margaret Diane Chaffer       Chapter 13

preclude entry of a discharge. However, for a discharge to be granted, a debtor must still meet the requirements of 11 U.S.C. § 1328." *In re Bouton*, 2013 WL 5536212 at *1 (Bankr. S.D. Ga. 2013). The Court in *Bouton* avoided the requirements by noting that the instructional course requirement is waived for deceased debtors pursuant to § 109(h)(4), and that domestic support certification requirement imposed by § 1328(a) is only applicable to debtors who do owe domestic support payments.

The request here is materially different from the request in *Bouton*. Debtor requests waiver of two requirements: (1) the domestic support payment certification imposed by § 1328(a); and (2) the felony disclosure requirement imposed by § 1328(h).

Regarding the former, Debtor did owe a domestic support obligation. 11 U.S.C. § 1328(a) states, in pertinent part:

> (a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid . . .

There does appear to be at least one bankruptcy court that specifically addressed the applicability of the § 1328(a) and (h) requirements to a deceased debtor in a jointly filed Chapter 13 case, *In re Levy*, 2014 WL 1323165 (Bankr. N.D. Ohio 2014). Notably, the Court stated the following:

> Only two documents now stand between the deceased debtor and a discharge: the certifications regarding DSO obligations and § 1328(h). Since further administration was possible, the question becomes whether there is anything either so personal or unique about the end-of-case requirements to prevent

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Thursday, May 11, 2017                                                                          Hearing Room    303

12:30 PM
CONT...        Sheldon Clark Chaffer and Margaret Diane Chaffer                                 Chapter 13
either waiver or satisfaction of the requirements by another on behalf [of] a
deceased debtor.

> Id. at *2. Summarily, the court in *Levy* reached the following conclusion:

>> Since the § 1328(a) certification appears to fall under the latter category [not
>> altering liability on a debt], the court finds no reason that the DSO certification
>> requirement cannot be undertaken by another in appropriate circumstances.
>> The requirement therefore does not impede "further administration"
>> contemplated under Rule 1016.

>> Similarly, the court reaches the same conclusion about § 1328(h), albeit along
>> slightly divergent reasoning.

> Id. at *3. The Court agrees with the result reached in *Levy*. If the certification
> requirements imposed by § 1328 (a) & (h) invariably required an action to be taken by
> the debtor personally, the purpose of Fed. R. Bankr. P. Rule 1016, which permits the
> continued administration of a Chapter 13 case when appropriate, would be frustrated.

> Finally, the *Levy* stated the following:

>> For the purposes of filing end of the case documents, the court finds that a
>> person with specific knowledge of the deceased debtor's finances may act on
>> behalf of the debtor in completing the § 1328(a) and (h) certifications. To
>> establish knowledge, the person must file an affidavit outlining a sufficient
>> factual foundation in order to establish a fitting record.

> Id. at *4. In accordance with *Levy*, the Court will not outright waive a requirement

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Thursday, May 11, 2017                                          Hearing Room    303

**12:30 PM**
**CONT...**     **Sheldon Clark Chaffer and Margaret Diane Chaffer**              **Chapter 13**

imposed by the Bankruptcy Code, but will allow the requirement to be satisfied by an individual with "specific knowledge of the deceased debtor's finances."

**TENTATIVE RULING**

In accordance with the above, the Court is inclined to GRANT the motion only to the extent of allowing a qualified individual to complete the § 1328 requirements on behalf of Debtor. The Court declines to enter an order continuing case administration, as administration will continue absent a request for dismissal and a subsequent order.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

    Sheldon Clark Chaffer                          Represented By
                                                                Jenny L Doling

**Joint Debtor(s):**

    Margaret Diane Chaffer                      Represented By
                                                                 Jenny L Doling

**Movant(s):**

    Margaret Diane Chaffer                      Represented By
                                                                 Jenny L Doling
                                                                  Jenny L Doling

    Sheldon Clark Chaffer                          Represented By
                                                                Jenny L Doling
                                                                  Jenny L Doling

**Trustee(s):**

    Amrane (RS) Cohen (TR)                  Represented By

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

| Thursday, May 11, 2017 | Hearing Room 303 |
|---|---:|

**12:30 PM**

**CONT...**   Sheldon Clark Chaffer and Margaret Diane Chaffer                                            Chapter 13

                                            Amrane (RS)  Cohen (TR)